IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MATTHEW MUNGLE, Individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. ) |
| THE BRICKMAN GROUP, LTD., LLC, | ) ) JURY TRIAL DEMANDED |
| Serve: | ) ) |
| CT Corporation System 120 South Central Avenue Clayton, MO  63105 | ) ) ) ) |
| Defendant. | ) |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

COMES NOW Plaintiff Matthew Mungle, on behalf of himself and all others similarly situated, by and through his undersigned attorneys, and for his Complaint against Defendant Brickman Group, Ltd., LLC, states as follows:

**NATURE OF CASE**

1. Plaintiff, Matthew Mungle, alleges on behalf of himself and other similarly situated current and former employees of The Brickman Group, Ltd., LLC (hereinafter "Defendant" or "Brickman Group"), that under both federal and state wage laws they are entitled to be paid for all hours worked and to receive overtime pay for all hours worked over forty (40) hours per week.  Plaintiff and other similarly situated current and former employees (hereinafter "Class" or "Supervisors") allege that during all relevant times described herein Defendant has a pattern and practice carried out on a national basis of

1

deliberately misclassifying Plaintiff and Class as "exempt" employees for the purpose of federal and state overtime law by requiring employees to work in excess of forty (40) hours per week without paying time-and-a-half for all hours worked in excess of forty (40) hours.

2. Brickman Group, by requiring Plaintiff and Class to work in excess of forty (40) hours without compensation, received substantial unpaid labor and retained benefits by misclassifying Plaintiff and Supervisors.

3. This action is brought as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207, and 216(b) and the Portal-to-Portal Act, 29 U.S.C. §251 et. seq., to recover unpaid wages, liquidated damages, and interest, for overtime work performed for which Plaintiff and Class were not paid time-and-a-half.

4. This action is also brought as a class action under substantive common law regarding unjust enrichment and money had and received pursuant to Fed. R. Civ. Proc. 23 to recover unpaid wages for overtime work performed for which Plaintiff and other similarly situated current and former employees were not paid time-and-a-half and to recover liquidated damages and interest.

## JURISDICTION AND VENUE

5. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.

6. This Court has subject matter jurisdiction over Plaintiff's and Class' federal FLSA claims pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, 29 U.S.C. § 216(b).

7. This Court also has supplemental jurisdiction over the state law claims of Plaintiff and Class pursuant to 28 U.S.C. § 1332 and 1367 because the state law claims are so related to Plaintiff's federal claims that they form a part of the same case or controversy between the parties and arise from the same transaction(s) and set of occurrences.

8. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) because Brickman Group conducts business in this district and substantially unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

9. Plaintiff Matthew Mungle is a Missouri resident and is a former employee of Defendant Brickman Group.

10. Plaintiff brings Count I of this lawsuit as a collective action under the FLSA on behalf of himself and all other similarly situated current and former employees of Brickman Group.

11. Plaintiff brings Counts II and III of this lawsuit as a class action under substantive common law regarding unjust enrichment and money had and received and Fed. R. Civ. Proc. 23 on behalf of himself and all other similarly situated current and former employees of Defendant.

12. Defendant The Brickman Group, Ltd., LLC, is a Limited Liability Company duly formed under the state laws of Delaware and duly authorized to transact business in the State of Missouri, with its principal place of business located at 18227 Flower Hill Way, Suite D, Gaithersburg, Maryland 20879.

13. Defending is engaged in the business of providing commercial landscaping services.

14. At all relevant times, Defendant has had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

15. At all relevant times, Defendant owned and operated the Brickman Group location in Fenton, Missouri, where Plaintiff was employed.

16. Defendant currently owns and operates over 160 branch locations in twenty-nine states.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

### A.    Class Allegations

17. Plaintiff brings all claims as an individual and as a class representative pursuant to Rule 23 of the Federal Rules of Civil Procedure.

18. Plaintiff seeks certification of a collective action (Count I) and a class action (Counts II and III).

19. The Class, for all counts, is defined as:

> **All current and former employees of Brickman Group who are or were employed as "Supervisors", and paid a salary, and who are or were classified as exempt employees, not eligible to receive overtime.**

20. Excluded from the Class are: Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class period has had, a controlling interest in Brickman Group; the Judge to whom this case is assigned and any member of the Judge's immediate family.

21. *Numerosity*: The persons in the Class identified above are geographically diverse and so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the information on which that number is calculated is presently within the sole control of the Defendant.  Upon information and belief, there are hundreds

4

of Class Members based upon the fact that during the Class period Defendant operated over 160 branches in twenty-nine states.

22. *Commonality*: There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Class that predominate over any question solely affecting individual members of the Class include, but are not limited to:

   a) whether Defendant employed Plaintiff and Class within the meaning of the FLSA;

   b) whether Plaintiff and Class were misclassified as "exempt" from the overtime provisions of the FLSA;

   c) Whether the job duties of Plaintiff and Class qualified Plaintiff and Class as exempt employees;

   d) whether Defendant had a nationwide company policy that recognized and approved Plaintiff and Class to work overtime without being paid time-and-a-half for all hours worked beyond forty (40) hours per week;

   e) whether Defendant's actions were willful and/or intentional;

   f) whether Defendant has retained money owed to Plaintiff and Class that it would be unfair or unjust for it to retain;

   g) whether Defendant engaged in a continuing policy, pattern, or practice of misclassifying Supervisors as "exempt" employees, including Plaintiff and Class, to allow Defendant to pay Supervisors a salary in order for such employees to perform work in excess of forty (40) hours per week without compensating the employees at time-and-a-half for all hours worked beyond forty (40) hours per week; and

5

  h) whether Plaintiff and Class are entitled to attorneys fees.

23. *Typicality*: Plaintiff's claims are typical of the claims of Class members, as all Class members were and are similarly affected by Defendant's wrongful conduct in violation of the laws set forth in the causes of action contained in the Counts of this Complaint.

24. *Adequacy*: Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff understands his duties as Class Representative.  Plaintiff possesses the requisite knowledge, commitment, and understanding to pursue the case in the best interest of the Class.  Plaintiff has retained counsel with experience in class action litigation.  Plaintiff's interests are aligned with those of the Class.

25. *Superiority*: A class action is superior to other available methods for their fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in Federal Court against a large corporate defendant like Brickman Group.

26. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.

27. The Class is readily identifiable from Defendant's own records.

        **B.**  **FLSA Collective Action Allegations**

28. Plaintiff brings this claim individually and on behalf of the Class for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all employees of Defendant who were, are, or will be employed by Defendant during the Class period defined above, who were improperly classified as

"exempt" employees and who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty (40) hours per week.

29. FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiff, since the FLSA claims of the Plaintiff are similar to the FLSA claims of all Supervisors of Brickman Group.

30. Defendant is liable for improperly compensating Plaintiff and Class under the FLSA, and as such notice should be sent to the Class. There are numerous similarly situated current and former employees of Defendant who have been misclassified as exempt and denied proper overtime pay in violation of the FLSA. These current, former, and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in this lawsuit. The similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## FACTUAL ALLEGATIONS

31. Plaintiff Matthew Mungle was employed as a Supervisor at Defendant's location in Fenton, Missouri.

32. Plaintiff's employment with Defendant began in December of 2008 and ended in March of 2010.

33. Defendant hired Plaintiff as an "hourly supervisor" and for the first three months of his employment with Defendant, Plaintiff received compensation on an hourly basis performing non-exempt landscaping manual labor.

34. In late February or early March of 2009, Defendant told Plaintiff that he qualified for a "promotion" to a salaried Supervisor position.

7

35. As a salaried Supervisor, Plaintiff performed non-exempt landscaping manual labor while he worked along side hourly laborers performing the same non-exempt landscaping manual labor.

36. Plaintiff and Class were unlawfully deprived of wages due and owing to them by Defendant.

37. Plaintiff and Class were paid a salary and classified as "exempt" employees by Defendant.

38. However, Plaintiff and Class are not "exempt" employees under applicable law.

39. It is and was at all relevant times, a company policy of Defendant that all Supervisors, including Plaintiff, would not be compensated at the applicable overtime rate of time-and-a-half when they worked over forty (40) hours per week.

40. On numerous occasions, Plaintiff and Class worked more than forty (40) hours per week, but were not compensated at time-and-a-half for hours worked in excess of 40 hours per week.

41. By devising an abstruse formula to pay a diminishing overtime rate of compensation to its salaried Supervisors, Defendant must have thought it could fool its Supervisors into believing they were receiving lawful compensation for working overtime.

42. For example, in addition to his salary, when Plaintiff worked one (1) hour of overtime in a given week, he received $6.83 for that single hour of overtime worked.  When Plaintiff worked five (5) hours of overtime in a given week, he received $31.11 for those five hours of overtime, which is a rate of $6.22 per hour.  When Plaintiff worked ten and a half (10.5) hours of overtime in a given week, he received $58.22 for those ten and a half hours of overtime, which is a rate of $5.54 per hour.

43. Defendant's scheme, to compensate its Supervisors with the foregoing inverse relationship between rate of pay and overtime worked, clearly fails to meet the applicable overtime rate of time-and-a-half.

44. Plaintiff and Class spent nominal, if any, time on exempt duties and had little to no responsibility for carrying out exempt duties.

45. The vast majority of the job duties for Plaintiff and Class entailed non-managerial work, none of which involved the exercise of actual authority or discretionary power.

46. Plaintiff and Class spent the vast majority of their time working along side hourly employees performing the same type of manual labor.

47. Plaintiff and Class did not customarily and regularly direct or supervise the work of two or more full-time employees per week.

48. During the time entire time Plaintiff worked for Defendant, Plaintiff almost never directed two or more full-time employees per week.  In fact, Plaintiff's crew contained two or more employees for approximately ten total days during his fifteen months of employment with Defendant.

49. Upon information and belief, most Supervisors rarely, if ever, directed two or more full-time employees per week.

50. The frequency of discretionary power exercised by Plaintiff and Class was trivial at best, as Plaintiff and Class were regularly monitored, instructed, and/or supervised by their respective Operations Manager or Branch Manager.

51. Plaintiff and Class did not have the authority or discretion to hire and fire other employees.

52. Plaintiff's respective job responsibilities were devoid of any duties pertaining to the management of the branch location where he was employed by Defendant.

53. Plaintiff and Class did not have any input regarding branch development, such as marketing, sales, and client development, especially because Plaintiff and Class were manual laborers following the instructions and orders of their Operations Managers and Branch Managers.

54. Defendant's Operations Managers gave Plaintiff and Class regular and explicit instructions regarding the implementation of the landscaping tasks.

55. Plaintiff and Class did not have authority for scheduling of employee hours.

56. Plaintiff and Class were not privy to profit information that would enable them to grow their branch.  Plaintiff and Class never attended meetings with upper management that involved the type of revenue and profit information that Plaintiff and Class could use to develop business operations or improve market share, especially because Plaintiff and Class were manual laborers following orders from Defendant's actual managers and supervisors.

57. Plaintiff and Class were supervised customarily and regularly by their Operations Managers, who approved or prohibited their decisions related to exercising managerial discretion.

58. Defendant's Operations Managers, Branch Managers, and in some cases Regional Managers, would decide which individuals to hire or terminate within the manual laboring crews of Plaintiff and Class, without requiring approval or disapproval from Plaintiff and Class.

59. In essence, Plaintiff's Operations Manager was the *de facto* manager and supervisor of Plaintiff's crew.

60. The non-managerial job responsibilities and workload performed by Plaintiff and Class greatly outweighed any executive, administrative or strategic duties and thereby do not constitute an exempt class of Defendant's employees under the FLSA.

61. The job duties of some Supervisors, such as Defendant's lawn mowing crews, regularly demand Supervisors work considerable amounts of overtime without receiving the lawful overtime rate of pay.  This is common and expected throughout Defendant's company.

62. In addition, Defendant has failed to keep accurate time records.

63. When Plaintiff worked thirty-five (35) hours in a given week, he was required to work forty-five (45) hours the next week and he would not receive overtime pay for these five hours worked in excess of forty (40) hours.

64. Defendant's actions are standard operating procedure for the company, and Defendant's practices, as described herein, occur nationwide.

65. Upon information and belief, all of Defendant's locations and branches in numerous states across the county imposed the same policies and practices upon its Supervisors.

66. Defendant's unlawful conduct was and is deliberate.  It is not *de minimis*, isolated or sporadic, but rather widespread, repeated and part of a pattern and practice of conduct affecting all of Defendant's employees.

67. The job duties of a Supervisor are defined by company policy and practice, which apply nationwide.

68. Defendant's company policies and practices are such that no Supervisor qualifies as exempt under the law, despite being given this classification by Defendant.

69. Defendant knew Plaintiff and Class worked overtime hours, but yet Defendant deliberately chose not to compensate them at the rate of one-and-a-half times the regular rate of pay.

70. Defendant's actions toward Plaintiff and Class were willful, knowledgeable, and/or showed reckless disregard for FLSA regulations and the rights of its employees.

71. Defendant's unlawful conduct has been intentional, uniform, widespread, repeated, consistent, and occurs nationwide.

**COUNT I – VIOLATION OF FLSA, 29 U.S.C. §201 et. seq.)**

72. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

73. At all relevant times, Defendant Brickman Group has been, and continues to be, an "employer" engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant has employed, and continues to employ, "employee[s]," including Plaintiff, and each of member of the FLSA Opt-In Class, that have been, and continue to be, engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant has had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

74. At all times relevant to this action, Plaintiff and all FLSA Opt-In Class members were employed by Defendant within the meaning of the FLSA.  Plaintiff and all FLSA Opt-In Class members were engaged in commerce and employed by Defendant who is an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

75. At all relevant times, Defendant has engaged, and continue to engage, in a willful policy, pattern, or practice of misclassifying employees as exempt executives, including Plaintiff and members of prospective FLSA Class employed at Defendant's branch locations as Supervisors, in order for Supervisors to perform work in excess of forty (40) hours per week without compensating such employees for work performed at the applicable overtime rate.

76. At all relevant times, the work performed by Supervisors, including Plaintiff and the FLSA Class, was, and continues to be, required or permitted by Defendant, for the benefit of Defendant, directly related to such employees' principal employment with Defendant, and as an integral and indispensable part of such employees' employment at Defendant's branch locations.

77. As a result of Defendant's willful failure to compensate its employees, including Plaintiff and members of the prospective FLSA Class employed at Defendant's company, for all hours worked, Defendant has violated and continues to violate the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

78. Defendant's conduct, as alleged above, has been in bad faith and willful, and violated the FLSA, 29 U.S.C. §§ 201 *et. seq.*, thereby causing Plaintiff and the FLSA Opt-In Class members to suffer damages.

79. Plaintiff and the FLSA Opt-In Class members seek damages in the amount of their respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

80. Plaintiff and the FLSA Opt-In Class members seek recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

81. Due to Defendant's FLSA violations, Plaintiff and all FLSA Opt-In Class members are entitled to recover from Defendant for their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

82. Plaintiff seeks preliminary certification of the Class, as defined in this Complaint, and requests that this Court order certification of said class and order notice be sent to all potential class members, with sufficient time for each to opt-in.

83. Plaintiff seeks an order appointing Plaintiff's counsel as lead counsel and Plaintiff as lead representative for the collective class.

## COUNT II – MONEY HAD AND RECEIVED

84. Plaintiff re-alleges and incorporates by reference paragraphs 1 – 66 as if fully set forth herein.

85. Defendant received a benefit in the form of hours worked by Plaintiff and Class by not compensating such employees at the applicable rate for all overtime hours worked.

86. Defendant has not compensated Plaintiff and Class for this benefit of labor and time, as required by the law.

87. Defendant has retained money it was obligated to pay to Plaintiff and Class.

88. At all relevant times, Defendant greatly benefited from the services of Plaintiff and Class at their respective job sites performing labor that increased revenue and profit for Defendant.

89. Defendant in equity and good conscience, having received the benefit, must pay Plaintiff and Class for said work.

90. As a result of the foregoing, Plaintiff and Class have been damaged in an amount to be determined at trial.

91. Plaintiff seeks class certification, pursuant to Federal Rule of Civil Procedure 23, of the Class defined herein.

## COUNT III – UNJUST ENRICHMENT

92. Plaintiff re-alleges and incorporates by reference paragraphs 1-66 as if fully set forth herein.

93. Plaintiff and Class accepted employment as Supervisors with Defendant expecting to be compensated for their work.

94. Defendant has received a benefit in the form of hours worked by Plaintiff and Class by not compensating such employees at the applicable rate for all overtime hours worked.

95. Defendant acknowledged, accepted, and benefited from the work performed by Plaintiff and Class as Supervisors working in excess of forty hours per week.

96. Defendant did not pay Plaintiff and Class at the applicable rate for all overtime hours worked.

97. Defendant has been unjustly enriched at the expense of Plaintiff and Class.

98. As a result of the foregoing, Plaintiff and Class have been damaged in an amount to be determined at trial.

99. Plaintiff seeks class certification, pursuant to Federal Rule of Civil Procedure 23, of the Class defined herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Pursuant to Count I, that, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have been at any time during the three years immediately preceding the filing of this suit up through and including the date of this Court's issuance of Court-supervised notice, employed by the Defendant as a supervisor. Such person shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were misclassified as an exempt employee, whereas their primary or significant work duties entail non-managerial duties commonly performed by non-exempt hourly employees.

B. Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 *et. seq.* and the supporting United States Department of Labor regulations;

C. An order awarding all just compensation due and owed to Plaintiff and Class from Defendant as a result of Defendant's conduct and failure to pay overtime wages at the rate of time-and-a-half for all overtime hours worked;

D. For Counts II and III, certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E. For all Counts, an order appointing The Simon Law Firm, P.C., as lead counsel for the Class, and Plaintiff as Class Representative;

F. Attorneys' fees and costs of this action; and

G. Such other and further relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

**THE SIMON LAW FIRM, PC**

By: /s/ John Campbell

John E. Campbell, #543242
Erich V. Vieth, #4608
Ryan A. Keane, #5246058
701 Market Street, Suite 1450
St. Louis, Missouri 63101
(314) 241-2929
Fax: (314) 241-2029
jcampbell@simonlawpc.com
evieth@simonlawpc.com
rkeane@simonlawpc.com
*Attorneys for Plaintiff*